IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO,

    Plaintiff,

          v.

PAUL AURANDT *SRTU, Unit Manager*, C/O
CLEM, and CO II ROBERSON,

    Defendants.

15cv0657
**ELECTRONICALLY FILED**

**ORDER OF COURT**

AND NOW, this 16th day of March, 2016, the Court **DENIES** Plaintiff's "Motion to Supplement Adding New Defendants." Doc. no. 72.

First, this Court has explicitly described each claim that may be brought against each of the three named Defendants in its recent Opinion which largely denied Defendant's Motion to [Partially] Dismiss the Complaint. Doc. no. 67. In that same Opinion, this Court stated, "[t]he above referenced claims are the only claims which may proceed at this juncture. No other claims or other alleged incidents may be brought as part of this case." Doc. no. 67, p. 9. The instant Motion before the Court (doc. no. 72) attempts to add new Defendants (including the law library staff as well as various other individuals). The Court will not allow such an amendment.

Second, given the history of this case, if the Court allowed an amendment every time Plaintiff perceived a transgression against him, this matter would never come to trial. Plaintiff must understand that his present lawsuit is like a snapshot in time of an event that occurred in the past (specifically on October 16, 2014), and he may pursue – in <u>this</u> lawsuit – only those claims which arise from that event. The alleged claims against the law librarian and her staff members

(and the others that Plaintiff lists in this Motion as potential additional Defendants to this matter) are not claims which arise from the October 16, 2014 event.

Third, in addition to the library personnel, Plaintiff has attempted to assert claims related to at least a dozen other individuals suggesting that together they formed a "lynch mob" and acted in concert to deprive Plaintiff of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights in various ways. As explained above, and for the same reasons set forth above, these claims – many of which are unintelligible – will not be entertained as part of this lawsuit.

Finally, the Court will reiterate – as mentioned in its prior Opinion and Order (doc. nos. 67-68) – that Plaintiff had sufficient postage to file a Motion for Clarification on March 11, 2016 (doc. no. 70), just days after filing his [Third] Motion to Extend Time to Respond to the Motion to Dismiss (doc. no. 65). He also had sufficient postage to file this "Motion to Supplement Adding New Parties" on March 16, 2016. His [Third] Motion to Extend Time (doc. no. 65) and this current Motion (doc. no. 72), state that he only receives ten dollars in postage at the beginning of every month. Per Plaintiff's [Third] Motion to Extend Time, he was unable to afford to mail his Brief in Response to the Motion to Dismiss. However, since the beginning of this month (March), Plaintiff has filed a [Third] Motion to Dismiss, a Motion for Clarification, and now, this this "Motion to Supplement Adding New Parties." Payment for postage did not seem to be a barrier to filing any of these three Motions.

The Court encourages Plaintiff to spend his time preparing for the upcoming trial and preparing documents that are required to be filed before the trial in this matter. The Court also encourages Plaintiff to spend his monthly postage money on the Court-Ordered documents which are coming due so that this case may proceed to its scheduled trial date. Finally, Plaintiff

is encouraged not to waste his postage money filing Motions to add parties or claims to this lawsuit, which this Court has explicitly precluded.

This case will proceed to trial at its appointed date and time – no extensions will be given – and the Court expects Plaintiff will comply with its Court Orders regarding the filing of Court Ordered documents and cease filing any frivolous Motions which this Court has repeatedly precluded.

                        SO ORDERED,

                        s/ Arthur J. Schwab
                        Arthur J. Schwab
                        United States District Judge

cc:    ECF registered counsel of record

       DWAYNE L. RIECO
       HU-2494 SCI
       Pittsburgh Post Office Box 99991
       Pittsburgh, PA 15233