IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO,

    Plaintiff,                        15cv0657
                                            **ELECTRONICALLY FILED**

          v.

PAUL AURANDT *SRTU, Unit Manager*, C/O
CLEM, and CO II ROBERSON,

    Defendants.


**MEMORANDUM OPINION**

Before the Court are Defendants' Motion for Summary Judgment and Defendants' Brief in Support on the few remaining issues in this prisoner's civil rights action. Doc. nos. 85 and 86. The *pro se* Plaintiff initially raised several claims, some of which were dismissed via this Court's Order partially granting the Defendants' Motion to Dismiss. See doc. no. 67.

Following the Court's decision on the Motion to Dismiss, the parties proceeded on four remaining claims. Defendants' Motion for Summary Judgment requests that all four claims be dismissed and that judgment be entered in Defendants' favor, negating the need for a jury trial.

The Court notes that although Plaintiff did not file a Response to Defendants' Motion for Summary Judgment, he is a frequent filer of lawsuits in this Court and is familiar with the Court's motions' practice.[1]

---

[1] Recently, Plaintiff filed a Motion for Extension of Time to File a Response to the Motion for Summary Judgment (see doc. no. 105), which this Court promptly denied given Plaintiff's extensive motions practice/experience in this Court. See doc. no. 106. In the Order denying his Motion for Extension of Time to Respond to the Motion for Summary Judgment, this Court stated in pertinent part:

> Since the filing of the Motion for Summary Judgment (doc. no. [85]), Rieco continually claims that he is unable to prepare and file the required Response, while he has been able to file Motion for Preliminary Injunction and Restraining

The Court further notes that despite Plaintiff's failure to respond to the pending motion, it has afforded Plaintiff greater leeway due to his status as a *pro se* prisoner.[2] Upon review of the issues raised by Defendants in their brief, two issues contain disputed material facts which a jury must resolve and two issues are purely legal issues which can be decided by this Court.

Therefore, for the foregoing reasons, the Court will grant in part and deny in part the Motion for Summary Judgment. The trial in this case will be limited to the following two discreet issues: (1) whether Defendant Aurandt failed to protect Plaintiff on October 16, 2014; and (2) whether Defendant Clem used excessive force on Plaintiff on October 16, 2014.

## I. STANDARD OF REVIEW

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is

---

> Order Based on DOCs Defendants Retaliation Transfer to Harm (doc. no. [89]), Plaintiff Submission of Evidentiary Documentary Facts to Support his Preliminary Injunction/TRO Based on His Access to Courts Claims (doc. no. [93]); Declaration of Dwayne L. Rieco in Support of His Motion for Preliminary Injunction and Temporary Restraining Order for Retaliatory Transfer (doc. no. [94]), Declaration of Dwayne L. Rieco in Support of His Motion for Preliminary Injunction and Temporary Restraining Order (doc. no. [95]), Declaration of Dwayne L. Rieco in Support of His Motion for Preliminary Injunction and Temporary Restraining Order (doc. no. [96]), Plaintiff's Motion of Extension of Time to Respond to Corrections Defendants Motion for Summary Judgment Based on Intentional Disarray of Materials During Retaliatory Transfer as Well as Denial of Access to Copying Assistance (doc. no. [99]), Plaintiff's Notice of Access to Court Frustration by Deliberate Delays to Photocopier Assistance and Funds for Postage per DC-ADM 803 (doc. no. [101]), and now Motion for Extension of Time to File Brief in Opposition to the Defendants Motion for Summary Judgment Based on Prevention of Access to Postal Service and the Court (doc. no. [105]).

Doc. no. 106, p. 2-3. Thus, the Court does not find Plaintiff's argument that he was unable to timely file a Response credible.

[2] We are especially likely to be flexible when dealing with imprisoned *pro se* litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation. *Id*. at 244-45, *citing, Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983) ("*Pro se* prison inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel").

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004), quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001), quoting Celotex, 477 U.S. 317, 325 (1986).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible

3

evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), citing *Anderson*, 477 U.S. at 255.

## II. RELEVANT FACTUAL HISTORY

Previously, the Court noted (in its Opinion denying Defendant's Motion Dismiss) the following which is equally relevant here:

> The Court notes that Plaintiff, despite his *pro se* litigant status, has filed six different cases in this Court in the last three years, which renders him familiar with the Court's practices, procedures, and time deadlines. The fact that Plaintiff is a frequent litigant with this Court is also important because allegations Plaintiff has raised in other lawsuits seem to resurface from case to case. Thus, at times it is difficult for the Court to discern whether a claim against a particular defendant has already been adjudicated or if a new claim or cause of action is being raised.

Doc. no. 67, p. 4-5.

Following this Court's adjudication of Defendants' Motion to Dismiss, the Court found that the following claims remained in this case: (1) Plaintiff's claim against Defendant Aurandt, stemming from his alleged failure to protect Plaintiff on October 16, 2014; (2) Plaintiff's claim against Defendant Clem for allegedly using excessive force on October 16, 2014; (3) Plaintiff's claim against Defendant Clem for alleged violations of conditions of confinement, limited to the time that Defendant Clem purportedly denied Plaintiff a kosher meal; and (4) Plaintiff's access to court claim against Defendant Robeson for the alleged confiscation of Plaintiff's legal materials.

Defendants filed the instant Motion for Summary Judgment seeking a decision in their favor on each of these four claims. The Court will begin its analysis with the two claims that will proceed to trial.

## III. ANALYSIS

### A. Plaintiff's Eighth Amendment failure to protect claim against Defendant Aurandt on October 16, 2014

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). In order to survive summary judgment on an Eighth Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff is required to produce sufficient evidence of: (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997), *citing LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Implicit in the second element is the fact that the defendant is <u>aware</u> of the risk of harm but is deliberately indifferent to that risk. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) ("Deliberate indifference" is a subjective standard under *Farmer* [*v. Brennan, 511 U.S. 825 (1994)*] – the prison official – defendant must actually have known or been aware of the excessive risk to inmate safety).

Defendants argue that no objective evidence exists which could indicate or even suggest that Defendant Aurandt was actually aware of the alleged risk Plaintiff faced on October 16, 2014. However, Plaintiff in his Complaint alleged that Defendant Clem threatened to physically harm Plaintiff and threatened to take away all of Plaintiff's legal papers. Amended Complaint, doc. no. 13, p. 3, ¶ 2. Plaintiff further alleged that he reported Clem's threats to Defendant Aurandt, but Defendant Aurandt did not stop Defendant Clem from verbally abusing Plaintiff. Id., at p. 3, ¶ 7; and Id., at p. 5, ¶ 6-7. Next, Plaintiff alleged that at some point in time, after he reported Defendant

Clem's threats to Defendant Aurandt, Plaintiff sustained a cut at or near his left eye socket (although he does not indicate how this injury occurred). Id., p. 3, ¶ 8-9.

Defendants acknowledge that Plaintiff has alleged that on October 16, 2014, Defendant Aurandt was informed by Plaintiff that he was afraid of Defendant Clem, who allegedly had threatened to assault Plaintiff. Doc. no. 86, p. 5. However, Defendants argue that, "[b]eyond the purported conversation, Plaintiff has not produced a single grievance or request to staff which supports Plaintiff's claims." Id. Although there is no paper trail which lends objective proof to Plaintiff's claims that he placed Defendant Aurandt on notice that Defendant Clem [allegedly] threatened him with bodily harm, Plaintiff's testimony itself constitutes relevant, albeit subjective, evidence.

Accordingly, there is an issue of fact for the jury to consider. Therefore, this claim will not be dismissed. It will however, be limited to the allegation that Plaintiff informed Defendant Aurandt on October 16, 2014, that he had been threatened by Defendant Clem.

### B. Plaintiff's excessive force claim against Defendant Clem during the October 16, 2014 incident

An excessive force claim falls under the Eighth Amendment's prohibition against cruel and unusual punishment. Where, like here, an excessive force claim is alleged in the context of a prison disturbance, the subjective inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The objective inquiry is whether the inmate's injury was more than *de minimis*. *Id*. at 9–10.

Based on the record presented to the Court, Plaintiff alleged that Defendant Clem used excessive force against him on October 16, 2014, during a cell inspection. Defendant contends contrary to Plaintiff's claims, that Defendant Clem was responding to Plaintiff's aggression (Plaintiff

spit on Defendant Clem), by placing Plaintiff on the ground. Defendants further argue that an investigation report illustrates the following facts:

> On October 16, 2014, Defendants Clem, Roberson and Officer Mitchell approached Plaintiff's cell and ordered him to come to the feeding aperture so that he could be cuffed before being removed from his cell so that a safety inspection could take place. . . . At first, Plaintiff became argumentative and began threatening the officers. . . .

Doc. no. 86, p. 5-6.

Defendant notes that Plaintiff eventually obeyed orders, was handcuffed appropriately, and removed from his cell so an inspection of the cell could take place. Id. at p. 6. During this cell inspection, Plaintiff allegedly verbally assaulted, threatened, and attempted to spit on Defendant Clem. Id. At this point, officers, including Defendant Clem, placed Plaintiff on the ground in order to gain control and applied a spit hood to avoid another spitting attempt. Id. Plaintiff may have sustained a laceration to the corner of his left eye and a superficial abrasion as a result of these actions. Id.

Whether Defendant Clem used the type of force applied in a good-faith effort to maintain or restore discipline, or whether the force used by Defendant Clem was maliciously and sadistically employed to cause harm, is a question for the jury to decide. Again, however, like the prior (failure to protect claim against Defendant Aurandt), this excessive force claim against Defendant Clem will be limited to the allegation that Defendant Clem used said force on Plaintiff on October 16, 2014.

### C. Plaintiff's "conditions of confinement" claim against Defendant Clem related to the denial of a kosher meal on October 30, 2014

This Court held that Plaintiff's Complaint raised a conditions of confinement claim with respect to one or more times when Plaintiff was allegedly denied a Kosher meal. Doc. no. 67, p. 8. Defendants noted that Plaintiff was not given a Kosher meal on October 30 and/or 31, 2014. With respect to the October 30, 2014 date, Defendants argue that Plaintiff did not request such a meal. On the October 31, 2014 date, Plaintiff was denied his Kosher meal, "because he failed to adhere to the feeding procedures in his unit[.]" Doc. no. 86, p. 7.

It is clear from the facts pled by Plaintiff that at no time was Plaintiff ever deprived of a meal, let alone several meals over a period of time. The Court finds that failing to provide Plaintiff with the <u>type</u> of meal he requested on <u>one</u> occasion – and that occasion being one day after October 30, a day that he personally did not request such a meal – does not rise to the level of a Constitutional violation. *See Zanders v. Ferko*, 439 F. App'x 158 (3d Cir. 2011) (alleged deprivation of three meals over two days fails to rise to the level of a constitutional violation).

Accordingly, the Court finds that Plaintiff's conditions of confinement claim against Defendant Clem for failing to provide him with a Kosher meal on October 31, 2014 does not rise to the level of a Constitutional violation and therefore, Defendants' motion will gratned onthis point and this particular claim shall be dismissed.

### D. Plaintiff's "access to court" claim against Defendant Robeson for the confiscation of Plaintiff's legal materials on October 16, 2014

Every prisoner enjoys a First Amendment right of access to the Courts which requires access to "adequate law libraries or adequate assistance from persons trained in the law" for filing challenges to criminal sentences, both direct and collateral, and civil rights actions. *Bounds v. Smith*, 430 U.S. 817, 828, (1977); see also *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (recognizing that the Constitution requires that prisoners be provided the tools "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their

confinement"). To plead a violation of this right, a plaintiff must allege that the state's interference . . . led to an "actual injury," meaning "that he or she has been hindered in an effort to pursue a nonfrivolous legal claim." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006).

Under the facts presented, Plaintiff does not allege that he was unable to file one or more *habeas* petitions due to his inability to access his legal materials. To the contrary, as noted by this Court and by Magistrate Judge Eddy, Plaintiff has filed six lawsuits in the past three years with this Court. See doc. no. 67, p.1, n.1 and p. 5, n. 3. Simply put, there is no evidence and no allegations which could support a finding that Plaintiff has been hindered in an effort to pursue a nonfrivolous legal claim.

As such, this Court will grant Defendants' Motion for Summary Judgment as to Plaintiff's access to court claim against Defendant Robeson.

## IV. CONCLUSION

Based upon the foregoing law and authority the Court will grant Defendants' Motion for Summary Judgment in part. The only remaining claims that may proceed to trial are:

(1) whether Defendant Aurandt failed to protect Plaintiff on October 16, 2014; and

(2) whether Defendant Clem used excessive force on Plaintiff on October 16, 2014.

An appropriate Order will follow.

            s/ Arthur J. Schwab
            Arthur J. Schwab
            United States District Judge

cc: ECF registered counsel of record

   DWAYNE L. RIECO
   HU-2494 SCI
   SCI Greene
   175 Progress Drive
   Waynesburg, PA 15370