IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWAYNE L. RIECO,

        Plaintiff,                       15cv0657
                                                 **ELECTRONICALLY FILED**

        v.

PAUL AURANDT *SRTU, Unit Manager*, C/O
CLEM, and CO II ROBERSON,

        Defendants.

**MEMORANDUM ORDER OF COURT
RELATING TO PLAINTIFF'S PROPOSED TRIAL EXHIBITS
(doc. nos. 115 and 134) AND DEFENDANTS' PROPOSED EXHIBITS (doc. no. 122)**

The Court held a pretrial conference on September 20, 2016. *Pro se* Plaintiff and counsel for Defendants were both in attendance. During this pretrial conference, the Court indicated that it would issue this Order to indicate which documents listed on Plaintiff's Proposed Exhibit List (doc. no. 115) and on Defendants' Pretrial Statement (doc. no. 122) would be deemed admissible at trial.

As the conference continued, Plaintiff indicated to the Court that he had two additional documents he wanted to add to his Proposed Exhibit List, and the Court immediately filed those documents as "Plaintiff's Supplemental Exhibit List." See doc. no. 134. The Court has carefully reviewed all of the documents Plaintiff has submitted as part of his original Proposed Exhibit List (doc. no. 115), those he proffered during the Pretrial Conference as a Supplement to his Proposed Exhibit List (doc. no. 134), and those proffered by Defendants.

**I. Admissible Documents**

The Court finds the following documents relevant and admissible in relation to the two issues[1] that are to be tried:

**A. Plaintiff's Admissible Documents**

(1) Misconduct Report no B464431 ("Misconduct 464431") (which is the report which relates to the incident of October 16, 2014) in its entirety;[2]

(2) Doc. no. 87-1 in its entirety (which appears to be 15 pages of various forms completed by Defendants or other prison officials/employees which documents the October 16, 2014 incident involving Plaintiff);

(3) Photographs of Plaintiff's injuries from the October 16, 2014 incident;

(4) Doc. no. 87-3 in its entirety (the medical incident/injury report from October 16, 2014); and

(5) Any video footage <u>depicting either the October 16, 2014 incident between Defendant Clem and Plaintiff, or what was transpired immediately following the alleged incident</u> – if such video exists.

Other than the documents set forth above, all remaining documents listed on Plaintiff's Proposed Exhibit List and Supplemental Exhibit List are <u>not</u> admissible as exhibits during the trial.

---

[1] As this Court has repeatedly indicated, the only two issues to be tried are: (1) Whether Defendant Aurandt failed to protect Plaintiff on October 16, 2014; and (2) Whether Defendant Clem used excessive force on Plaintiff on October 16, 2014. The relevancy and admissibility of the documents set forth on the Plaintiff's Exhibit List and Supplemental Exhibit List were considered by this Court with those two issues in mind.

[2] The Court notes that Plaintiff only requests that page 9 of Misconduct B464431 be admitted into evidence as an exhibit (see page 2 of doc no. 115); however, another proposed exhibit number 2 on Plaintiff's Proposed Exhibit List contains the entire Misconduct B464431. In addition, Defendants listed the entire Misconduct B464431 on their Exhibit List. Thus, the <u>entire</u> misconduct report will be admitted.

### B. Defendants' Admissible Documents

Defendants listed two documents on their Pretrial Statement and both were deemed admissible by this Court during the Pretrial conference. The Court notes that most of the pages proffered by Defendants within their two exhibits – which appear to be compilations of individual documents – were also proffered (or requested), in whole or in part, by Plaintiff.

## II. Analysis of Proffered Documents

The reasons for the Court's decision to admit those documents set forth above, and its reasons for not admitting all other documents are set forth below.

### A. Plaintiff's Documents

- **Plaintiff's Proposed Exhibit Nos. 1 and 2 (doc. no. 115)**

Plaintiff requested that documents from a case he previously filed in this Court against a different group of correctional officers (case. no. 14-cv-0588) be used as evidence in this case. These documents comprise one of Plaintiff's grievances (grievance no. 533478), wherein Plaintiff complained that members of the prison staff illegally confiscated property from his cell on October 16, 2016. These same documents indicate that this grievance was denied, and note that on October 16, 2016, Plaintiff "attempted to assault a security staff member and received a misconduct" and was then "placed on accountability status and only given the property indicated as per the SRTU Accountability Status Restriction Form."

Thus, these documents are evidence that confiscation of Plaintiff's property occurred after the incident between and among Plaintiff and Defendants Aurandt and Clem took place. Thus, these documents which illustrate that Plaintiff grieved or complained about the confiscation are

not relevant because they do not assist the trier of fact in determining the two issues in this case – whether Defendant Aurandt failed to protect Plaintiff; nor whether Defendant Clem used excessive force on Plaintiff on October 16, 2014.[3] Accordingly, they will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit No. 3 (doc. no. 115)**

Plaintiff requested documents which comprise another one of Plaintiff's grievances (grievance no. 533149), be used as evidence in this case. However, per Plaintiff's own description of this grievance, these documents relate to alleged "illegal seizures in bad faith to prevent his petition for writ of habeas corpus to false arrest and unlawful conviction of rape and all active civil litigations . . . ." The documents comprising this grievance are clearly not relevant to either Plaintiff's excessive force claim or his failure to protect claim. Therefore, they will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit Nos. 4 and 5 (doc. no. 115)**

Plaintiff requested the last pages of doc. nos. 1 and 13 (his Complaint and Amended Complaint, respectively, in this case) be admitted as evidence. Plaintiff claims these pages of his Complaint and Amended Complaint contained "all his declarations and exhibits he will also need to show all his actions he was subjected to unlawfully and all his defense seeking his protected speech . . . ." Pleadings such as a Complaint and an Amended Complaint are not evidence and are generally not admissible as evidence during trial. However, these final pages of the Complaint and Amended Complaint refer to documents filed in yet another federal civil lawsuit

---

[3] The Court notes that Plaintiff exhibit numbers 1 and 2 contained several different discrete documents, one of which was a complete copy of Misconduct B464431, prepared by Defendant Clem. Defendants have listed Misconduct B464431 as one of their two exhibits, and, as noted above, Plaintiff wanted at least page 9 of Misconduct B464431 to be admitted, and thus, as already stated, this report in its entirety will be admitted into evidence as it is directly relevant to the two issues being tried.

Plaintiff filed in this Court (case no. 13-cv-1360). Those documents in case no. 13-cv-1360 refer to the "illegal seizure of [Plaintiff's] materials . . . ."

Once again, the Court finds that documents referencing the seizure of Plaintiff's materials are clearly not relevant to either Plaintiff's excessive force claim or his failure to protect claim. Therefore, the pleadings in this case and the documents from case no. 13-cv-1360 will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit No. 6 (doc. no. 115)**

Plaintiff requested the admission of page 9 of Misconduct B464431, which appears to be a compilation of reports which relates to the incident of October 16, 2014. As noted above, the Court has admitted this document (Misconduct B464431) in its entirety.

- **Plaintiff's Proposed Exhibit No. 7 (doc. no. 115)**

Plaintiff requested the admission of documents which comprise a third grievance filed by Plaintiff (grievance no. 534288), wherein Plaintiff was allegedly denied his right to free exercise of religion with respect to receiving kosher meal(s). Although Plaintiff had filed religious freedom claims (as set forth in his Complaint and Amended Complaint), the Court dismissed all claims of this nature from this case upon Motions filed by Defendants. Because this grievance does not relate to the October 16, 2014 incident involving either of Plaintiff's triable claims – meaning his excessive force and/or his failure to protect claims – these documents are not relevant and are not admissible.

- **Plaintiff's Proposed Exhibit No. 8 (doc. no. 115)**

Plaintiff requested certain pages of doc. no. 87-1 (which appears to be at least some of Defendants' investigative reports/forms pertaining to the October 16, 2014 incident involving

Plaintiff) be admitted into evidence. As noted above, the Court agreed to admit the entirety of doc. no. 87-1.

- **Plaintiff's Proposed Exhibit Nos. 9 and 10 (doc. no. 115)**

Plaintiff requested that documents relating to two requests to gain access to his legal materials – one made on October 4, 2014 and one made on October 30, 2014 – be admitted into evidence. Plaintiff indicates these requests were made to Officer Lamonaca. These documents are not relevant to either Plaintiff's excessive force claim or his failure to protect claim. They will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit No. 11 (doc. no. 115)**

Plaintiff requested that an unsworn declaration related to Deputy Zetwo's promise to "look into [the illegal confiscation of Plaintiff's legal materials] seized on October 16, 2014[,]" and Deputy Zetwo's failure to do so, be admitted into evidence. Here, the Court is unclear as to whose unsworn declaration Plaintiff desires to show to the jury. However, the fact that such a declaration is unsworn, and even if the declaration could survive a hearsay objection, it has no relevance to this matter. Thus, any such documents (to the extent that they exist) will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit No. 12 (doc. no. 115)**

Plaintiff requested that any photographs of injuries he incurred on October 16, 2014 be offered into evidence. As noted above, the Court agrees that such photograph(s) may be offered into evidence.

- **Plaintiff's Proposed Exhibit No. 13 (doc. no. 115)**

Plaintiff requested the admission of documents which purportedly reflect that Officer Clem "failed to follow protocol" by failing to have the saliva (allegedly from Plaintiff spitting on him)

DNA-tested. The Court notes that doc. no. 87-1, which was admitted in its entirety and consists of 15 pages of various forms completed by Defendants or other prison officials/employees documenting the October 16, 2014 incident involving Plaintiff, illustrate that Defendant Clem did not seek medical attention or DNA testing for the alleged spitting incident. Because doc. no. 87-1 has already been admitted and there are no other documents proffered by Plaintiff on this point, the request is moot.

- **Plaintiff's Proposed Exhibit No. 14 (doc. no. 115)**

Plaintiff requested that a receipt for the "confiscated items" be published to the jury. Again, such a document is not relevant to either Plaintiff's excessive force claim or his failure to protect claim. Therefore, the document will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit No. 15 (doc. no. 115)**

Plaintiff requested that a prison "accountability status form" be used as evidence and published to the jury. Per Plaintiff, this form "is used to place inmates who exhibit behaviors can only be placed on restrictions relating to the problem. This document was a procedure that was used to seize legal materials but never states what if anything Plaintiff had done with those legal materials to have them confiscated and destroyed. This is at face an abuse and misuse of policies to impede his access to court and was approved without any penological [sic] interest or concern and was a sham." The Court finds that such a document is not relevant to either Plaintiff's excessive force claim or his failure to protect claim. Therefore, the document will not be admitted into evidence during the trial of this matter.

- **Plaintiff's Proposed Exhibit No. 16 (doc. no. 115)**

Plaintiff requests that "hand held video footage" should be shown to the jury. As noted above, the Court agrees that any video footage depicting either the October 16, 2014 incident

between Defendant Clem and Plaintiff, or what was transpired immediately following the incident (to the extent any such footage exists), is admissible.

- **Plaintiff's Proposed Exhibit No. 17 (first document in Plaintiff's Supplemental Exhibit List, doc. no. 134)**

Plaintiff proffered a letter from "Travis S. Conklin" to Plaintiff's mother, wherein Conklin indicates that Plaintiff is having "constant problems with correctional officers . . . ." This letter contains innumerable hearsay statements and will not be admitted into evidence. However, the Court notes that it has ordered counsel for Defendants to bring Mr. Conklin (among others) to Court during the trial so he can testify live before the jury.[4] Plaintiff will have an opportunity to question Mr. Conklin about what Mr. Conklin personally saw related the October 16, 2014 incident, and what, if anything, Mr. Conklin did based on his observations of the October 16, 2014 incident.

- **Plaintiff's Proposed Exhibit No. 18 (second document in Plaintiff's Supplemental Exhibit List, doc. no. 134)**

The final document Plaintiff requested as an exhibit was a document entitled "Inmate's Request to Staff Member." In this document, it appears as though Plaintiff was seeking permission to contact an abuse hotline to report Defendant Clem for the October 16, 2014 assault on Plaintiff. The Staff member indicated that Plaintiff "had already been offered and given this phone call." This document is dated October 30, 2014. Although it references the October 16, 2014 incident, it does not assist Plaintiff in meeting his burden of proving that Defendants Clem and Aurandt acted with excessive force or failed to protect Plaintiff on that day. Rather, it tends to show that in the days following the incident, Plaintiff continued to try to convince someone that excessive force was taken against him on October 16, 2014 and/or that Defendant Aurandt

---

[4] Mr. Conklin was one of three state court inmates who appeared on Plaintiff's Proposed Witness List. This Court approved Plaintiff's Proposed Witness List in its entirety during the Pretrial Conference and tasked Defendants' counsel with ensuring that these three inmates appear to testify, live, before the jury.

failed to protect him that same day. This evidence will not be admitted at time of trial because it is not relevant to either of plaintiff's claims.

**B. Defendants' Documents**

- **Defendants' Proposed Exhibit – Extraordinary Occurrence Report**

This document is what the Court considers to be a compilation of documents, all of which are relevant and admissible, most of which were also proffered in whole or in part by Plaintiff. The Court notes that this exhibit contains, form reports of the October 16, 2016 incident prepared by various individuals, medical reports documenting Plaintiff's injuries on October 16, 2016, photographs of Plaintiff, and documents relating to a video recording. The Court indicated at the pretrial conference that this exhibit, termed an Extraordinary Occurrence Report by Defendants, is admissible.

- **Defendants' Proposed Exhibit – Misconduct B464431**

As noted several times above, all of the parties were interested in having this document, which is relevant to both of Plaintiff's claims, admitted into evidence. As the Court indicated at the pretrial conference and throughout this Order, this "document" is admissible.

**III. Conclusion**

The following documents are acceptable as exhibits during the trial of this matter:

(1) Misconduct Report B464431 ("Misconduct 464431") (which is a report which relates to the incident of October 16, 2014);

(2) Doc. no. 87-1 in its entirety (which appears to be 15 pages of various forms completed by Defendants or other prison officials/employees which documents the October 16, 2014 incident involving Plaintiff);

(3) Photographs of Plaintiff's injuries from the October 16, 2014 incident;

(4) Doc. no. 87-3 in its entirety (the medical incident/injury report from October 16, 2014);

(5) Any video footage depicting either the October 16, 2014 incident between Defendant Clem and Plaintiff, or what was transpired immediately following the alleged incident – if such video exists; and

(6) The entire compilation of documents that Defendants' have termed an "Extraordinary Occurrence Report" relating to the October 16, 2014 incident between Defendants and Plaintiff.

These documents are deemed admissible and may be shown to the jury.

**SO ORDERED, this 22nd day of September, 2016.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF registered counsel of record

DWAYNE L. RIECO
HU-2494 SCI
SCI Greene
175 Progress Drive
Waynesburg, PA 15370